[No. 34274. Department One. November 21, 1957.]

VERNE E. ALUMBAUGH, *Respondent*, v. UNDERWRITING MEMBERS OF LLOYD'S, LONDON, *Appellant.*[1]

*James J. Keesling*, for appellant.

*B. E. Kohls*, for respondent.

FINLEY, J.—This is an action in contract. It is brought by plaintiff Alumbaugh to collect, as the named beneficiary, under an accident insurance policy issued by Underwriting Members of Lloyd's, London.

The policy insured the life of one McSwane, a partner of Alumbaugh in the A & M Flying Service. The insured partner was killed in an airplane which crashed near Tonasket, Washington, on October 16, 1955.

The insurance company disclaimed liability under the policy on the basis of the following exclusions or exceptions:

[1]Reported in 317 P. (2d) 1064.

"EXCLUSIONS—This policy does not cover death, injury or disablement—

"(d) Resulting from deliberate exposure of himself/herself to exceptional danger (except in an attempt to save human life) or from his/her own criminal act or from bodily injury occasioned or occurring while he/she is in a state of insanity (temporary or otherwise) or intoxication."

"EXCEPTIONS—Insurance as provided hereunder shall not cover loss sustained:

"(4) While engaged in aerobatics except such aerobatics as may be required and engaged in during the course of instruction given in compliance with current civil air regulations."

At the trial, the proof of the insurance company indicated that the airplane followed a pattern of flight, culminating in the crash, which, *if intentionally performed by Mr. McSwane*, would place the cause of his death within either or both of the quoted exclusions or exceptions.

The jury returned a verdict for the plaintiff. The insurance company has appealed.

Appellant's principal assignment of error goes to the trial court's rejection of its offer of proof regarding a previous flight by McSwane, two hours before the fatal crash. The purpose of the excluded evidence was to indicate the intent of McSwane relative to the flight pattern of the airplane immediately prior to the accident.

On the previous flight, McSwane's passenger was a Mr. Clarkson. Mr. Clarkson testified at the trial as a defense witness, without objection. According to his testimony, he requested McSwane to fly down over his home in Tonasket. He further testified that at no time during the flight did McSwane execute any maneuvers which in any way alarmed him or caused him to believe that they were in exceptional danger. Appellant's expert witnessed the portion of that flight which took place over Clarkson's house. Appellant's offer of proof indicates that the expert would have testified that McSwane brought the plane down to an altitude of fifty feet over the city; that, in his opinion, McSwane's flight on that occasion constituted aerobatics and deliberate exposure to exceptional danger.

On the subsequent fatal flight, McSwane had a different passenger (also killed). The flight pattern which terminated in the crash was executed several miles from the city, over rolling, uninhabited terrain. Appellant's expert testified that safe flying altitude varies with changes in the terrain.

 We believe that the two flights were sufficiently dissimilar, so it would not necessarily follow that Mc-Swane's intentions with regard to aerobatics and deliberate exposure to exceptional danger were the same on the two occasions. The rejection of the proffered evidence was within the discretion of the trial court. *Woods v. Desmond,* 156 Wash. 359, 286 Pac. 856. See, also, the following statement in 1 Conrad, Modern Trial Evidence 218, § 250:

"Under the views of most of the courts, the admission of evidence covered by the rule of substantial similarity rests within the sound discretion of the trial court. The court, however, must consider the extent of the similarity of the occurrences sought to be shown to those in suit, presence of modifying circumstances, and the absence or presence of the same essential conditions."

And see the opinion of Judge Learned Hand in *United States v. Brand,* 79 F. (2d) 605; and McCormick on Evidence 329, § 157 (footnote 12), as to the same rule in criminal cases.

Appellant's remaining assignments of error concern the giving of three instructions to the jury. Upon examination of the instructions as a whole, we find no prejudicial error; cf. *Myers v. West Coast Fast Freight,* 42 Wn. (2d) 524, 256 P. (2d) 840. Accordingly, the judgment should be affirmed.

It is so ordered.

HILL, C. J., MALLERY, WEAVER, and OTT, JJ., concur.

---

January 20, 1958. Petition for rehearing denied.